IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**GARY L. MARCUM,**

    Petitioner,

v.                                                                 Civil Action No. 2:10cv107
                                                                      (Judge Maxwell)

**J. ESPARZA, Associate Warden,**
**JOEL ZIEGLER, Warden**

    Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On September 9, 2010, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. On September 10, 2010, the petitioner was granted leave to proceed *in forma pauperis*.

### II. PETITION

The petitioner, who is currently incarcerated at FCI Morgantown, alleges that he has been requesting specific medical attention since November 9, 2009 as to issues related to herniated discs at the L4 and L5 level that affect his ability to walk, bend, sit and stand for any period of time. In addition, he alleges this back condition cause him severe pain. The plaintiff maintains that he is need of surgery, but staff at FCI Morgantown had failed to take any meaningful corrective action. In addition, the plaintiff alleges that he was charged in an incident report with trying to retrieve contraband and return back to the compound. The plaintiff does not indicate that he lost good time

1

credit for this violation, but rather, appears to allege that he was charged in retaliation for his attempt to file administrative grievances. Finally, the plaintiff alleges that he was subjected to racist, abusive, and foul language from staff member Lt. Shaw on August 9, 2010. He further alleges that was made to go five days without clean clothing, underwear, towels, or proper hygiene products for twelve days, and has not had his required meeting with the Segregation Review Official.

For relief, the plaintiff seeks immediate arrangement for corrective medical attention to eliminate the ongoing disability and pain in his back and legs. In addition, he wants Lt. Shaw to be formally reprimanded for his abusive and racist behavior towards inmates. Finally, the plaintiff requests a transfer to a medical facility that can properly treat his spinal issues.

### III. Analysis

The petitioner is not entitled to any relief under § 2241 because he is not challenging the legality of his custody and does not seek the immediate or speedier release from imprisonment. Rather, he is challenging the conditions of confinement or a violation of his civil rights, and these are not claims which can be brought in a habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (federal habeas relief extends to prisoners challenging the fact or duration of imprisonment and § 1983 actions apply to inmates making constitutional challenges to conditions of confinement). See also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983). To pursue the claims raised in his petition, the petitioner must file a lawsuit governed by Bivens v. Six Unknown Agents of the

Federal Bureau of Narcotics, 403 U.S. 399 (1971),[1] and pay the $350.00 filing fee[2].

## IV. **RECOMMENDATION**

In consideration of the foregoing, it is the undersigned's recommendation that the petitioner's § 2241 petition (Doc. 1) be **DISMISSED** without prejudice to his right to file a Bivens action.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as reflected on the docket sheet.

Dated: September 14, 2010.

                                                          /s/ James E. Seibert  
                                                          JAMES E. SEIBERT  
                                                          UNITED STATES MAGISTRATE JUDGE

---

[1] In Bivens, the Supreme Court created a counterpart to § 1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. Because petitioner is a federal prisoner, he must therefore file a Bivens action as opposed to one under § 1983.

[2] Although a grant of *in forma pauperis* status would absolve the petitioner from pre-paying the $350.00 filing fee, under the PLRA, the entire fee would be collected from his Prison Trust Account in increments.